IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD JARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-65-MHT |
| | ) | [WO] |
| KEVIN MOULTON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Kevin Moulton ["Judge Moulton"]. He seeks to challenge the constitutionality of rulings made by Judge Moulton in his pending criminal proceedings. Plaintiff requests dismissal of the criminal offenses pending against him and damages for every day he has been incarcerated. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**DISCUSSION**

*I. Judge Moulton*

*A. Request for Damages*

Plaintiff seeks to challenge actions taken by Judge Moulton in his judicial capacity during state court proceedings over which he had jurisdiction. These claims are due to be dismissed. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988);

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for monetary damages against Judge Moulton are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

      *B. Request for Declaratory and/or Injunctive Relief*

         *1. Non-Final Orders*

To the extent Plaintiff seeks relief from adverse decisions issued by a state court not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

         *2. Final Orders*

Regarding claims presented by Plaintiff challenging the constitutionality of orders issued by any state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct.

2

1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for injunctive and/or declaratory relief regarding actions undertaken by Judge Moulton during matters related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*II.  Challenge to Plaintiff's Pending Criminal Charges*

Plaintiff seeks intervention by this court into criminal proceedings ongoing before the Circuit Court of Houston County, Alabama.  Specifically, Plaintiff requests declaratory relief in dismissal of the criminal charges pending against him. *Doc. No. 1* at 4.  Under well settled federal law, this court must refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (*citing Younger*, 401 U.S. at 37). *Younger*, therefore, directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present. First, Plaintiff is awaiting trial on criminal charges before the Circuit Court of Houston County, Alabama. Second, enforcement of the law is an important state interest. Finally, Plaintiff may raise his

claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision.  In addition, if Plaintiff is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts and/or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury because of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief,  *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Plaintiff presents no credible basis to warrant application of these exceptions.  The mere fact Plaintiff must defend himself in state criminal proceedings does not demonstrate irreparable harm.  *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against ... criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").  Plaintiff's, conclusory allegations of ineffective assistance of counsel and trial court error do not establish the bad faith or harassment that would justify the extraordinary declaratory relief he seeks from this court–summary dismissal of the state criminal charges pending against him.  There is also no evidence that the state laws under which Plaintiff has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Plaintiff's claims which place into question the validity of the pending criminal charges and the trial court's decisions regarding pre-trial matters involving appointed counsel, trial continuances, and the production of discovery materials and evidence as such claims are not cognizable in a 42

U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43-44. Consequently, to the extent Plaintiff requests declaratory relief requiring dismissal of the pending criminal charges, equity, comity and federalism concerns require the court to abstain from considering these claims.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Defendant Kevin Moulton be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's request for declaratory relief, which entails intervention by this court into the pending state criminal proceedings, be DISMISSED without prejudice under the *Younger* abstention doctrine so Plaintiff may pursue his claims in the state courts;

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before February 25, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of February 2016.

                                /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE